UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDWARD BARKER, ) | CASE NO. 4:17-CV-1785 |
| ) | |
| Petitioner, ) | JUDGE SARA LIOI |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| MARK WILLIAMS[1], ) | |
| WARDEN, Elkton Federal Correctional ) | REPORT AND RECOMMENDATION |
| Institution, ) | OF MAGISTRATE JUDGE |
| ) | |
| Respondent. ) | |
| ) | |

On August 25, 2017, pro se Petitioner Edward Barker ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF Dkt. #1. In his petition for a writ of habeas corpus, Petitioner requested a resentencing hearing without the application of a career offender sentence enhancement. *Id.* at 6-8. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's § 2241 federal habeas corpus petition in its entirety with prejudice. ECF Dkt. #1.

**I.    SYNOPSIS OF THE FACTS**

According to Respondent[2], Petitioner was charged on April 10, 2014 in a six-count indictment in District Court Case No. 5:14CR0032, in the Eastern District of Kentucky. ECF Dkt. #6 at 1. The indictment alleged that Petitioner knowingly and intentionally distributed pills containing oxycodone on five different occasions, in violation of 21 U.S.C. § 841(a)(1), and in the sixth count alleged that Petitioner possessed a firearm after being convicted of a felony. *Id.* at 1-2. Petitioner filed a motion to suppress, which was denied. *Id.* at 2.

---

[1] Steven Merlak was named as the original Respondent in the instant petition, but is no longer Warden of the Elkton Federal Correctional Institution. As of November 2018, Mark Williams is the current Warden of the Elkton Federal Correctional Institution.

[2] The docket does not include any records from the State Court. Thus, the undersigned has relied on Petitioner's instant petition and the State's Return of Writ for a synopsis of the underlying facts. ECF Dkt. #s 1, 6.

On June 18, 2014, Petitioner entered into a plea agreement to plead guilty. ECF Dkt. #6 at 2. In Paragraph 9 of the plea agreement, Petitioner waived his rights to collateral attack, and it specifically stated that "the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence." *Id.* The plea agreement also contained a provision that allowed Petitioner to appeal the District Court's denial of his suppression motion. *Id.*

In addition, Petitioner noted that he had a prior conviction of Wanton Endangerment in the First Degree, in violation of KRS § 508.060. ECF Dkt. #1 at 6. He also stated that his prior conviction was considered a "crime of violence," as defined in U.S.S.G. § 4B1.2, and led to a career offender enhancement in his federal case. *Id.*

The District Court accepted Petitioner's plea agreement on October 15, 2014 and subsequently sentenced him to 188 months incarceration. ECF Dkt. #6 at 2. Petitioner filed a notice of appeal regarding the denial of his suppression motion. ECF Dkt. #6 at 2. However, the Court of Appeals denied it as untimely and upheld the validity of the search that was at issue in the suppression motion. *Id.*

Petitioner has previously filed a motion to vacate under 28 U.S.C. § 2255. ECF Dkt. #1 at 4; ECF Dkt. #6 at 2. In his § 2255 petition, Petitioner argued that under *Johnson v. United States*, 135 S.Ct. 2551 (2015), he was entitled to relief, specifically that his career offender sentence should be vacated because the residual clause was unconstitutionally vague. ECF Dkt. #1 at 4; ECF Dkt. #6 at 2. The District Court that sentenced Petitioner denied his motion to vacate, stating that *Johnson* did not apply to his case because he was not sentenced under the Armed Career Criminal Act ("ACCA"). ECF Dkt. #6 at 2. Petitioner claimed that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge his conviction or sentence:

> Because the Sixth Circuit has held that a petitioner may properly bring a habeas claim under 2241 to challenge a sentencing enhancement as long as the petitioner can satisfy three conditions. *Hill v. Masters*, 836 F.3d. 591 (2016). (1) A case of statutory interpretation (2) that is retroactive, and (3) that misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect.

ECF Dkt. #1 at 5.

**II.     FEDERAL HABEAS CORPUS PETITION UNDER 28 U.S.C. § 2241**

On August 25, 2017, Petitioner, pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF Dkt. #1. In his instant § 2241 petition, Petitioner presented one ground, stating the following:

> Mr. Barker [Petitioner] seeks to challenge his career offender enhancement. Mr. Barker asserts that his prior Kentucky conviction, 508.060 for Wanton Endangerment in the first degree, doesn't meet the definition of a crime of violence as defined by U.S.S.G. 4B1.2(a)(1). Kentucky's Wanton Endangerment in the first degree covers conduct more broad than the generic offense. Kentucky's Wanton Endangerment in the first degree is not a crime of violence under the force clause of U.S.S.G. 4B1.2(a)(1). Substantial danger as defined in Kentucky does not necessarily involve the kind of violent physical force the career offender enhancement requires. Rather, Wanton Endangerment is an alternative means of fulfilling a single element - force. Alternative means in a statute do not circumvent the rule that the elements must be the same as, or narrower than, those of the generic offense. Mr. Barker lacks two qualifying convictions for the career offender enhancement.

ECF Dkt. #1 at 6-7. Petitioner requested a resentencing hearing without the application of the career offender sentence enhancement. *Id.* at 8.

On September 11, 2018, this case was referred to the undersigned for a Report and Recommendation as to the § 2241 petition. ECF Dkt. #2. On October 31, 2018, Respondent filed a Return of Writ, asserting that the Court lacks jurisdiction to consider Petitioner's § 2241 petition and that his plea agreement procedurally blocks him from filing any post-conviction motions. ECF Dkt. #6. Respondent requested that the Court dismiss Petitioner's § 2241 federal habeas corpus petition. *Id*. Petitioner did not file a response or Traverse.

**III.    LAW AND ANALYSIS**

While 28 U.S.C. § 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, 28 U.S.C. § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Both of these types of petitions present "distinct avenues for a prisoner's challenge to his incarceration," but they also "overlap through the savings-clause mechanism of § 2255(e)." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). As such, the undersigned will address both § 2255 and § 2241, beginning with the former.

Under 28 U.S.C. § 2255, a federal inmate is provided with a post-conviction means of collaterally attacking his conviction or sentence. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Motions brought under § 2255 are the sole means by which a federal prisoner can collaterally attack a conviction or sentence that he alleges to be in violation of federal law. *See United States v. Davis*, 417 U.S. 333 (1974); *United States v. Cohen*, 593 F.2d 766, 770 (6th Cir. 1979). Motions to vacate, set aside or correct a sentence pursuant to § 2255 must be filed in the trial court that sentenced the movant. 28 U.S.C. § 2255(a); *Gregory*, 181 F.3d at 714; *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (collecting cases).

Typically, second or successive motions under § 2255 are barred unless the petition contains "(1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *Hill*, 836 F.3d at 594. Whereas, a habeas petition under § 2241 "is not subject to the general rule against second or successive motions in the absence of newly discovered evidence or a new rule of constitutional law." *Hill*, 836 F.3d at 594; 28 U.S.C. § 2241. However, where a petitioner seeks to file a successive habeas petition but cannot meet the requirements of the § 2255(h) exception, the petitioner may look to the "savings clause" of § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *Hill*, 836 F.3d at 594.

As the Sixth Circuit has stated, "where the remedy under § 2255 is inadequate or ineffective, the savings clause allows a federal prisoner to 'bring a claim challenging his conviction or imposition of sentence under § 2241.'" *Hill*, 836 F.3d at 594 (quoting *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)); *see Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). However, showing inadequacy or ineffectiveness requires "a rigorous showing." *Martin*, 319 F.3d at 804 (quoting *Charles*, 180 F.3d at 757). For example, § 2255 is not "inadequate or ineffective" simply because

habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion. *Hill*, 836 F.3d at 594 (citing *Charles*, 180 F.3d at 756). Rather, "[t]he Sixth Circuit has found the savings clause [of § 2255] to apply only where the petitioner also demonstrates 'actual innocence.'" *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (internal citations omitted). However, the Sixth Circuit has endorsed a three-part test to meet the requirements of the savings clause of § 2255(e) in the context of sentencing:

> When seeking to petition under § 2241 based on a misapplied sentence, the petitioner must show (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect.

*Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016). But, in authorizing a petition under § 2241, the *Hill* Court limited its decision as

> address[ing] only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599–600. Importantly, as noted in *Wright v. Spaulding*, No. 17-4257, 2019 WL 4493487, at *8 (6th Cir. Sept. 19, 2019), this three-part test in *Hill* came about by party agreement and as a test that other circuits have constructed. Although the *Wright* court compared the *Hill* test to the "no-reasonable-opportunity test that this court inherited from other circuits," the Court questioned whether the *Hill* test was binding precedent while also later declining to define the outer limits of *Hill*'s holding. *Wright*, 2019 WL 4493487, at *7-9 ("In *Hill*, the panel let a federal prisoner use the saving clause to challenge his pre-*Booker* sentence under the career-offender sentencing guideline. 836 F.3d at 600; *see United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). And in doing so, it assumed that *Hill* did not have a previous opportunity to present his claim. Thus, *Hill* held nothing inconsistent with the reasonable-opportunity standard."). This is relevant in the instant case because Petitioner relies on the aforementioned three-part test from *Hill* to show why the remedy under § 2255 is inadequate or ineffective and, effectively, why this Court has jurisdiction to hear his instant § 2241 petition. ECF Dkt. #1 at 5.

Respondent correctly points out that Petitioner's § 2241 petition essentially challenges the legality of his sentence rather than the manner in which it is being executed. ECF Dkt. #6 at 5. Such a challenge is normally considered an attempt to seek § 2255 relief. 28 U.S.C. § 2255(a); *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). However, in the instant case, Petitioner is seeking to utilize the "savings clause" of § 2255(e) in order to challenge the imposition of his sentence under § 2241. Petitioner relies solely on the three-part test in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016) to show that the remedy under § 2255 is inadequate or ineffective. ECF Dkt. #1 at 5. The primary support Petitioner provides is located within his Ground One statement in the instant petition, but it is not clear how he applies the supporting facts under Ground One to the *Hill* test. ECF Dkt. #1 at 6-7. Respondent also fails to address *Hill* entirely. *See* ECF Dkt. #6. The dicta in *Wright* in addition to *Hill*'s narrow application to pre-*Booker* sentences lead the undersigned to recommend that the Court find that *Hill* does not support conferring jurisdiction to the instant petition.

Even if the Court were to hold otherwise, Petitioner sets forth the same arguments and factual scenario that the Sixth Circuit has already considered in *United States v. Meeks*, 664 F.3d 1067 (6th Cir. 2012). The petitioner in *Meeks* challenged the district court's decision to sentence him as a career offender, arguing that his prior Kentucky conviction for First Degree Wanton Endangerment did not qualify as a crime of violence for purposes of the sentencing provision of U.S.S.G. § 4B1.1. *Id.* The Sixth Circuit disagreed with petitioner and held that petitioner's prior conviction for First Degree Wanton Endangerment qualified as a "crime of violence" under both a categorical risk analysis and a modified-categorical approach. *Id.* at 1070-72. Accordingly, the Circuit found that he was properly sentenced as a career offender. *Id.* at 1073.

Although *Meeks* was decided pre-*Johnson v. United States*, 135 S.Ct. 2551 (2015), *Meeks* still applies to the instant petition. The U.S. Supreme Court in *Johnson* held that imposing an increased sentence under the residual clause of the ACCA was unconstitutional. *Johnson v. United States*, 135 S.Ct. 2551 (2015). The definition of "violent felony" in the ACCA is similar to the definition of "crime of violence" in the Sentencing Guidelines. *See United States v. Willoughby*, 144 F. Supp. 3d 935, 944 (N.D. Ohio 2015), *aff'd*, No. 16-3080, 2017 WL 7036669 (6th Cir. Aug. 17, 2017). The Sixth Circuit initially suggested that the residual clause of the Sentencing Guidelines

may be similarly invalidated by *Johnson*. *See United States v. Darden*, 605 Fed.Appx. 545, 545–46 (6th Cir.2015) (per curiam). However, in 2017, the U.S. Supreme Court rendered its decision in *Beckles v. United States*, 137 S.Ct. 886 (2007), holding that the Sentencing Guidelines "are not amenable to a vagueness challenge" because they "do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Beckles*, 137 S.Ct. at 894-95 ("[T]he advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and § 4B1.2(a)'s residual clause is not void for vagueness."). Thus, even if the Court were to decide the instant § 2241 petition on the merits, the holding in *Meeks* would require the Court to decide against Petitioner's favor. *United States v. Meeks*, 664 F.3d 1067 (6th Cir. 2012).

## IV.   CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's § 2241 federal habeas corpus petition (ECF Dkt. #1) in its entirety with prejudice.


DATE: October 22, 2019          */s/ George J. Limbert*
                                GEORGE J. LIMBERT
                                UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).